UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
ROBERT LEE BEECHAM, <u>et al.</u>,   )
                                )
        Plaintiffs,             )
                                )
        v.                      )  Civil Action No. 01-2243 (RWR)
                                )
SOCIALIST PEOPLE'S LIBYAN       )
ARAB JAMAHIRIYA, <u>et al.</u>,     )
                                )
        Defendants.             )
_____ )

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs brought this action seeking punitive damages under the terrorism exception of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(7), against defendants, Socialist People's Libyan Arab Jamahiriya and the Jamahiriya Security Organization, alleging, among other things, causes of action under the District of Columbia's Wrongful Death Act, D.C. Code § 16-2701, and the District of Columbia's Survival Act, D.C. Code § 12-101.  Plaintiffs move for leave to file their third and fourth amended complaints.  Their motion for leave to file a fourth amended complaint will be granted in part as unopposed, and their motion for leave to file a third amended complaint will be denied as moot.

Defendants move to dismiss plaintiffs' complaint[1] for lack of subject matter jurisdiction and failure to state a claim upon

_____

[1]  The motion will be treated as a motion to dismiss the fourth amended complaint.

- 2 -

which relief can be granted.[2]  Plaintiffs also move to make the
court's November 12, 2003 Order a final ruling that subject
matter jurisdiction exists under the FSIA, and for entry of a
consent order.  Because the FSIA's terrorism exception does not
create a private cause of action, defendants' motion to dismiss
the claim for punitive damages will be granted.  Because
plaintiffs have provided coherent alternatives for the court's
jurisdiction over their remaining claims, defendants' motion to
dismiss those claims for failure to state a claim will be denied.
Defendants' motion to dismiss those claims for lack of subject
matter jurisdiction will be deferred pending completion of
jurisdictional discovery or defendants' unequivocal withdrawal of
their challenge to the factual sufficiency of plaintiffs'
allegations to establish subject matter jurisdiction under the
FSIA.  Likewise, plaintiffs' motion to make the November 12, 2003
Order final will be denied since defendants have not
unequivocally withdrawn their challenge to the factual
sufficiency of plaintiffs' allegations.  Because a party filing
documents under seal is required to serve those documents on all
other parties, plaintiffs' motion for entry of consent order
requiring the Clerk to provide sealed documents to plaintiffs
will be denied.

_____

[2]  Defendants also challenge personal jurisdiction by moving
under Fed. R. Civ. P. 12(b)(2).  That challenge has already been
rejected.  See Mem. Op. and Order, November 12, 2003 at 14.

- 3 -

BACKGROUND

On April 5, 1986, a bomb exploded in La Belle Discotheque in Friednauer, Germany, a destination known to be frequented by off-duty American servicemen.  Two American servicemen were killed and 230 additional people were injured.  The injuries sustained included blunt force concussions, cuts from shrapnel, burns, and crush injuries from the falling walls and ceiling.  Plaintiffs brought this action against defendants, alleging that they were responsible for orchestrating the bombing.

Defendants moved to dismiss, arguing that the allegations in the complaint were legally and factually insufficient to establish subject matter jurisdiction under the FSIA.  In response, plaintiffs moved for jurisdictional discovery to permit them to fully address the factual sufficiency challenge, and for leave to file an opposition to the motion to dismiss 30 days after the completion of jurisdictional discovery.  An Order signed on November 12, 2003 rejected the challenge to the legal sufficiency, but granted plaintiffs' request for jurisdictional discovery and allowed plaintiffs to oppose the motion to dismiss after jurisdictional discovery ended.  When defendants reported a likely appeal, their motion to dismiss was denied without prejudice pending the results of the appeal, and the parties were directed to confer and file after the appeal was concluded a

- 4 -

joint report proposing a plan for conducting discovery limited to facts bearing upon the court's subject matter jurisdiction.

Defendants appealed the November 12, 2003 Order.  They argued alternatively that they had not made a factual sufficiency challenge, but if they had, jurisdictional discovery was not warranted.  The appeal was dismissed for lack of jurisdiction.

<u>DISCUSSION</u>

I.   MOTION TO MAKE ORDER FINAL & CROSS-MOTION TO DISMISS

Plaintiffs now move for an order declaring that subject matter jurisdiction exists under the FSIA, thus rendering jurisdictional discovery unnecessary, claiming that defendants abandoned on appeal their factual sufficiency challenge. Defendants move again to dismiss, arguing that recent authority requires the dismissal of plaintiffs' amended complaint (<u>see</u> Def.'s Opp'n & Cross Mot. to Dismiss at 2-3), which invokes the District of Columbia's Wrongful Death Statute, D.C. Code § 16-2701, and the District of Columbia's Survival Statute, D.C. Code § 12-101; alleges, among other things, loss of consortium and solatium, intentional infliction of mental distress, thirty-five counts of general personal injury claims; and seeks punitive damages under the FSIA's terrorism exception.

The issue of subject matter jurisdiction under the FSIA is still unsettled and neither side's effort to have it deemed decided is availing.  Defendants made a factual sufficiency

- 5 -

challenge prior to the appeal which prompted the order for the
parties to confer and report on a plan for limited jurisdictional
discovery.  Defendants' alternative arguments on appeal about
whether they did or did not make a factual sufficiency challenge
did not unambiguously withdraw the issue from this litigation.
Subject matter jurisdiction under the FSIA will be decided after
the completion of jurisdictional discovery or upon the
defendants' unambiguous withdrawal of their earlier factual
sufficiency challenge.

     Since the November 12, 2003 Order, the D.C. Circuit has
clarified the court's jurisdiction in cases brought against
foreign sovereigns under FSIA.  It is now settled that while
"FSIA abrogates foreign sovereign immunity and provides
jurisdiction in specified circumstances, . . . it does not create
a private cause of action [against foreign sovereigns]."
Cicippio-Puleo v. Islamic Rep. of Iraq, 353 F.3d 1024, 1027 (D.C.
Cir. 2004).  The FSIA terrorism exception is "merely a
jurisdiction-conferring provision that does not otherwise provide
a cause of action against either a foreign state or its agents."
Id. at 1032.  As such, plaintiffs' claim for punitive damages
under the FSIA terrorism exception must be dismissed for lack of
subject matter jurisdiction.

     Additionally, although defendants argue that because
plaintiffs' amended complaint contains generic common law claims

- 6 -

and the D.C. Circuit has "now established that generic common law cannot constitute a cause of action against a foreign sovereign state in suits under the FSIA" (see Def.'s Opp'n & Cross Mot. to Dismiss at 2 (citing Acree v. Rep. of Iraq, 370 F.3d 41, 59 (D.C. Cir. 2004) for the holding that "generic common law cannot be the source of a federal cause of action") (emphasis in original)), plaintiffs have provided coherent alternative bases for their additional claims.  To survive a motion to dismiss for failure to state a claim, a plaintiffs' complaint "under the FSIA must identify a particular cause of action arising out of a specific source of law." Acree, 370 F.3d at 59.  Where a plaintiff specifically alleges a "coherent alternative" to his generic common law claims, his complaint should not be dismissed with prejudice for failure to state a claim.  See Dammarell v. Islamic Rep. of Iran, 370 F. Supp. 2d 218, 222 (D.D.C. 2005) (quoting Acree, 370 F.3d at 59); see also Hartford Ins. v. Socialist People's Libyan Arab Jamahiriya, 422 F. Supp. 2d 203, 208 (reasoning that where a plaintiff alleges only common law causes of action, a coherent alternative source for the basis of the claims is required).  Coherent alternative sources of law may be found where a plaintiff alleges state common and statutory law in addition to their generic common law tort claims.  See Holland v. Islamic Rep. of Iran, Civil Action No. 01-1924 (CKK), 2005 U.S. Dist. LEXIS 40254, at *101 (D.D.C. Oct. 31, 2005); see also

- 7 -

Dammarell, 370 F. Supp. 2d at 220.  In alleging violations of
D.C. statutory and common law, plaintiffs' amended complaint
provides coherent alternatives for plaintiffs' remaining personal
injury claims.  Thus, defendants' motion to dismiss those claims
for failure to state a claim will be denied.

II.  MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS

     Plaintiffs move for leave to amend their complaint.  No
opposition has been filed.  In plaintiffs' proposed fourth
amended complaint, plaintiffs allege essentially the same claims
as those in the amended complaint.[3]  In addition, plaintiffs
allege state common law claims for wrongful death, loss of
consortium and solatium, assault, and battery.  Plaintiffs also
include claims under the FSIA's terrorism exception for wrongful
death, loss of consortium and solatium, survival, and money
damages.  Because the FSIA terrorism exception does not provide a
cause of action against a foreign state or its agents, plaintiffs
will not be granted leave to amend their complaint to include
claims under the FSIA's terrorism exception.  See Cicippio-Puleo,
353 F.3d at 1032.  However, because defendants had ample
opportunity to oppose plaintiffs' motion to amend and chose not
to do so, plaintiffs' motion for leave to amend their complaint
will otherwise be granted.

---

     [3]  Intentional infliction of emotional distress is
substituted for intentional infliction of mental distress.

- 8 -

III. MOTION REGARDING DOCUMENTS FILED UNDER SEAL

Plaintiffs filed a consent motion requesting the entry of a consent order requiring the Clerk of the Court to provide plaintiffs with documents filed under seal.[4]  It is not the Clerk's responsibility to provide these documents to plaintiffs. Here, defendants were required to serve plaintiffs with any documents filed under seal.  See Fed. R. Civ. P. 5(a) ("[E]very pleading subsequent to the original complaint . . ., every paper relating to discovery . . ., every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.").  Therefore, the motion for entry of consent order will be denied.

CONCLUSION AND ORDER

Plaintiffs' punitive damages claim brought under FSIA's terrorism exception will be dismissed for lack of subject matter jurisdiction.  By including D.C. statutory and common law claims, plaintiffs have provided a coherent alternative for the court's jurisdiction over its remaining claims and defendants' motion to dismiss those claims will be denied.  Defendants were required to

---

[4]  Plaintiffs cite to Local Civil Rule 40.2 in support of their motion.  However, Rule 40.2 provides no support for the request.  It merely requires criminal and civil cases to be classified into designated categories upon filing.

- 9 -

serve plaintiffs with copies of their documents filed under seal and, therefore, plaintiffs' motion for entry of consent order requiring the Clerk to provide plaintiffs with these documents will be denied.  Accordingly, consistent with the conclusions reached above, it is hereby

ORDERED that defendants' cross-motion [49] to dismiss be, and hereby is, GRANTED IN PART and DENIED IN PART.  It is further

ORDERED that plaintiffs' motion [43] for leave to file a fourth amended complaint be, and hereby is, GRANTED IN PART and DENIED IN PART.  It is further

ORDERED that plaintiffs' motion [42] for leave to file a third amended complaint be, and hereby is, DENIED as moot.  It is further

ORDERED that plaintiffs' motion [45] to make the November 12, 2003 Order final be, and hereby is, DENIED.  It is further

ORDERED that plaintiffs confer with defendants and submit within 15 days a joint report proposing a plan for conducting discovery limited to facts bearing upon the court's subject matter jurisdiction.  Separate reports will be stricken sua sponte.  A proposed order shall accompany the joint report.  It is further

ORDERED that plaintiffs' consent motion for entry of consent order [89] be, and hereby is, DENIED.

- 10 -

SIGNED this 31st day of March, 2007.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge