**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
ROBERT LEE BEECHAM, et al.,    )
                               )
       Plaintiffs,             )
                               )
       v.                      )    Civil Action No. 01-2243 (RWR)
                               )
SOCIALIST PEOPLE'S LIBYAN      )
ARAB JAMAHIRIYA, et al.,       )
                               )
       Defendants.             )
_____)
```

**MEMORANDUM ORDER**

Plaintiffs filed this lawsuit against defendants under the terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(7) ("FSIA"), the District of Columbia's Wrongful Death Act, D.C. Code § 16-2701, and the District of Columbia's Survival Act, D.C. Code § 12-101 alleging that defendants were responsible for a 1986 bombing in West Berlin, Germany that killed two American servicemen and injured numerous others.  From early in the litigation through today, the defendants have challenged the factual sufficiency of the plaintiffs' allegations supporting subject matter jurisdiction under the FSIA.  See, e.g., Defendants' Motion to Dismiss [#22]; Defendants' Cross-Motion to Dismiss [#48].  Over the past four years, the parties have been ordered no less than five times to confer and submit a joint report proposing a plan for conducting discovery limited to facts bearing upon the court's subject matter jurisdiction.  See

-2-

Memorandum Opinion and Order, November 13, 2003 [#28]; Minute Order, March 8, 2004; Order, March 23, 2004 [#37]; Order, February 1, 2006 [#44]; Memorandum Opinion and Order, March 31, 2007 [#102].  All manner of responses were filed - - all but joint proposed plans for conducting limited discovery.

   The latest is defendants' motion to stay jurisdictional discovery.  The defendants argue that since plaintiffs' motion to enforce settlement agreements allegedly reached is pending before the magistrate judge, "it would be more efficient to await the resolution of the plaintiffs' motions for enforcement" before continuing costly jurisdictional discovery that includes "intrusive depositions, interrogatories, and document requests from at least three governments which may include various ministers as well as United States officials."  (Defs.' Mot. to Stay at 4.)  Defendants also deny entering any binding settlement with plaintiffs.  (Defs.' Reply to Pls.' Opp'n to Defs.' Mot. to Stay Jurisdictional Disc. ("Defs.' Reply") at 2.)

   Because the "district court has broad discretion in structuring discovery," Edmond v. U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C. Cir. 1991), "[t]he decision whether to stay discovery is committed to the sound discretion of the district court judge." White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990).  "[T]he proponent of a stay bears

-3-

the burden of establishing its need." See Clinton v. Jones, 520 U.S. 681, 708 (1997).

Defendants have not proven that jurisdictional discovery will be unnecessarily costly or time-consuming. (See Defs.' Mot. to Stay at 4.) "Bare assertions that discovery will be unduly burdensome . . . are insufficient to justify the entry of an order staying discovery." People With Aids Health Group v. Burroughs Wellcome Co., Civil Action No. 91-0574 (JGP), 1991 WL 221179, *1 (D.D.C. Oct. 11, 1991). Given that the parties have not yet formed a plan for jurisdictional discovery (see Joint Report Regarding Jurisdictional Disc. at 1), defendants' allegations that jurisdictional discovery will be intrusive are unfounded. Four years is a long enough time to postpone resolution of the court's jurisdiction, regardless of other issues that may be unresolved. Accordingly, it is hereby

ORDERED that defendants' motion [107] to stay be, and hereby is, DENIED. It is further

ORDERED that unless defendants file within 7 calendar days a notice unequivocally withdrawing their challenge to the factual sufficiency of plaintiffs' allegations to establish subject-matter jurisdiction under the FSIA, plaintiffs shall confer with defendants and submit within 15 days a joint report proposing a plan for conducting discovery limited to facts bearing upon the court's subject-matter jurisdiction. Separate reports will be

-4-

stricken <u>sua</u> <u>sponte</u>.  A proposed order shall accompany the joint report.  Any responsive filing that once again does not comply with what has been ordered will be viewed with great disfavor.

SIGNED this 20th day of August, 2007.


```
            _____/s/_____
            RICHARD W. ROBERTS
            United States District Judge
```